**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Cox, | No. CV 12-1936-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Robyn Varcoe, | |
| Defendant. | |

Pending before the Court is Plaintiff's motion to proceed in forma pauperis. Before the Court orders service of an in forma pauperis complaint, the Court may screen the complaint. Specifically:

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

Here, the complaint is inadequate for two primary reasons. First, the complaint names

1 Robyn Varcoe, an attorney with the Varcoe Law Firm, PLLC, as the defendant. The sole
2 allegation of jurisdiction is 42 U.S.C. § 1983. There is nothing in the complaint that
3 suggests that Ms. Varcoe is a state actor. Therefore, on the face of the complaint, Plaintiff
4 fails to state a claim under § 1983.

5 Second, it appears from the complaint that Ms. Varcoe is representing Plaintiff in a
6 state court criminal matter. Plaintiff's prayer for relief is, "Therefore, Plaintiff want[s] the
7 court to removal the Defendant off the case as his attorney." Doc. 1 at 6. This Court cannot
8 intervene in a state court proceeding and determine counsel for a criminal defendant. *See*
9 *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). Therefore, in addition to Plaintiff failing to
10 state a claim under § 1983, this Court is without the authority to grant Plaintiff the relief he
11 requests.

12 In certain circumstances, the Court should grant leave to amend. *Bonanno v. Thomas*,
13 309 F.2d 320, 322 (9th Cir. 1962). However, in this case, the Court finds Plaintiff is unable
14 to cure either defect by the allegation of additional facts. Accordingly,

15 **IT IS ORDERED** that this case is dismissed.

16 **IT IS FURTHER ORDERED** that all pending motions are denied as moot.

17 DATED this 26th day of September, 2012.

James A. Teilborg
United States District Judge